PELZER MANUF'G CO. *v.* ST. PAUL FIRE & MARINE INS. CO.

SAME *v.* SAVANNAH FIRE & MARINE INS. CO.

(*Circuit Court, D. South Carolina.* February 4, 1890.)

1. INSURANCE—INSURABLE INTEREST—WAREHOUSEMEN.
    Warehousemen who have insured, in their own name, cotton stored in their warehouse on a form of policy containing the special clause, "cotton in bales, their own, or held by them in trust, or on commission, or on joint account with others, or sold but not delivered," have an insurable interest in the cotton entitling them to sue for the entire loss, though the cotton was owned by another person, and that fact was not disclosed to the insurance company.

2. SAME—THE CONTRACT—RISK—RELEASE BY INSURED OF THIRD PERSONS.
    Where the owner of property which is exposed to danger of fire from railway engines has released the railway company from liability therefor, and when the insurance was effected did not mention the release, the question whether the omission to make known the existence of such release invalidates an insurance policy on such property depends upon whether such release was a material fact in the contract of insurance, which is a question for the jury.

3. SAME—CONCEALMENT OF MATERIAL FACT.
    It is proper in an action on the policy in such case to charge the jury that, if the company in the territory in question made no difference in rate, with right of subrogation or without it, or if they find that there was neither usage nor custom showing the materiality of the right of subrogation among companies in their acceptance or refusal of risks, they might find that the failure to mention the fact of the release of the railroad company, where the application was verbal, was not a concealment of a material fact, which would invalidate the policy.

4. SAME—ACTION ON POLICY—EVIDENCE.

   Where the complaint in an action on the policy alleges an offer of subrogation to
   the insurance company, and no motion is made to strike it out as immaterial, but
   a general denial is filed, defendant cannot object to the admission of evidence to
   prove the offer.

At Law.

*Smythe & Lee* and *Wells & Orr*, for plaintiff.

*N. I. Hammond* and *I. H. Haywood*, for defendants.

SIMONTON, J., (*charging jury.*) Cely & Bro., warehousemen, insured certain bales of cotton, stored with them by plaintiff in their warehouse in Greenville, near the track of the Greenville & Columbia Railroad. The cotton was insured in their own name, on a form of policy intended for warehouses, containing the special clause, "cotton in bales, their own, or held by them in trust, or on commission, or on joint account with others, or sold but not delivered, contained in" their warehouse. The cotton was burned. Proof of loss was made. Cely & Bro. assigned their policies to the plaintiff. Among these policies were one of the St. Paul Fire & Marine Insurance Company, for $5,000, and one of the Savannah Fire & Marine Insurance Company, for $2,500. These two companies having refused to pay the loss, these suits were brought. They are separate and distinct suits; but, as they depend upon the same facts, they are tried together. The defense is: (1) That Cely & Bro. had no insurable interest in the cotton burned. (2) That they insured the cotton in their own name, and did not disclose the fact that the Pelzer Manufacturing Company owned it. With respect to these, I instruct you that Cely & Bro., being warehousemen, had the right to insure cotton in their warehouse in their own name, under the forms of policy in evidence, and when the loss occurred they had the right to sue for the entire loss in their own name; and, having such right, they could lawfully assign the policy to plaintiff, the owner of the cotton, who could lawfully sue as such assignee. In these suits, plaintiff, being assignee of Cely & Bro., is bound by everything which would have bound Cely & Bro. before notice of the assignment. Treat the case as if brought by Cely & Bro. (3) The last ground of defense is this: It seems that Cely & Bro. had erected their warehouse on the right of way of the Greenville & Columbia Railroad; that they had leased the land on which it was built, and, under the terms of the lease, Cely & Bro. had released the railroad company from liability for any damage occasioned by a fire from its locomotives; that this was a material fact, as it deprived the insurers of the right of subrogation, and was not known or disclosed to the insurance company when the insurance was effected, and for this reason the policy is not binding on the insurance company. There can be no doubt that when an insurance company has paid a loss like this it is entitled to be put in the place—would stand in the shoes—of the person insured, and is entitled to any claim for damages which the person insured had against the person causing the loss. This is called the "right of subrogation."

It is given by the law, and need not be given by contract. I have also no doubt that in the present cases the covenant in the lease of Cely & Bro. would prevent them from proceeding against the railroad company; and, as Cely & Bro. could not do this, the insurance company, being subrogated only to their rights, could not.

The questions in the case are: Is this covenant in this lease a material fact? Was its existence concealed by Cely & Bro. when they effected insurance, or did they omit to state it? Did this concealment or omission invalidate the policy? Was it a material fact? Not, was it deemed by the insurance company a material fact? But was it known, or should it have been known, to Cely & Bro. to be a material fact entering into the contract of insurance? These are questions for you. In coming to your conclusion upon them, you should inquire, in what way did the insurance companies make known their estimate of this as a material fact? Did they communicate this to Cely & Bro.? If not, did they make any difference in rates between property insured with right of subrogation, and such property insured without this right? Was there any usage or custom among insurance companies in this territory making a discrimination in this respect, showing their estimate of the materiality of the right of subrogation? Did they refuse risks in which subrogation was released? In order to make this a material fact entering into this contract, both parties must have known, or should have known, that is, must be presumed to know, that it was so considered. If it be a material fact, and if Cely & Bro. did not intentionally conceal it, or if they omitted to state it because they did not know, and had no reason to know, and were not put on the inquiry so as to know, that it was deemed to be a material fact by the company issuing the policy, then their silence with regard to it does not make the policy invalid, especially if the jury believe from the evidence that the policy was issued on a verbal application.

### ON MOTION FOR NEW TRIAL.

(March 7, 1890.)

Before BOND and SIMONTON, JJ.

PER CURIAM. The jury having found a verdict for the plaintiff in each of these cases, the defendants now move for a new trial in each case, on exceptions to the charge of the presiding judge to the jury. The circuit judge, at the request of the trial judge, sat at the hearing, and unites in the decision upon these motions.

The first exception renews a motion made at the trial to dismiss the complaints, on the ground that they do not contain facts constituting a cause of action. The policies sued on were taken out in the name of Cely & Bro., warehousemen, in the usual form of warehouse policies. Plaintiff sues as assignee of Cely & Bro. They could have sued in their own names, and on proper proof could have recovered the entire amount of the loss, (*Insurance Co.* v. *Warehouse Co.*, 93 U. S. 527;) and so can their assignee, especially as this assignee was the owner of the cotton burned.

The second exception is to the admission in evidence of a letter by plaintiff to the defendants offering to subrogate the defendants to any rights it may have against the railroad company, whose locomotive is supposed to have caused the fire. It is charged that this testimony is immaterial and irrelevant. The complaint, in one of its allegations, stated that this offer had been made. The defendants did not avail themselves of the Code provision authorizing them to move to strike it out as immaterial and irrelevant. Code S. C. § 181. They filed a general denial to this as to the other allegations of the complaint. This put plaintiff on proof. Whether the defendants intended to treat the proof as immaterial did not appear until it was put in. They cannot now complain that it was admitted.

The most serious exception is to so much of the charge as related to the silence of Cely & Bro. respecting the covenant in their lease with the Greenville & Columbia Railroad Company, releasing that company from any liability for fire caused by their locomotives on their right of way. Whether the fact that Cely & Bro. had released the railroad company from all claim for damages caused by its engines was a material fact, or not, was submitted to the jury in the instructions of the court which are excepted to, and the method by which the jury could ascertain such materiality was pointed out to it. The jury was told that if the insurance companies in this territory made no difference in rate, with right of subrogation or without it, or if they found from the evidence there was neither usage nor custom showing the materiality of the right of subrogation among insurance companies in their acceptance or refusal of risks, then they might find that the non-mention of such a fact, where the insurance was on verbal application, was not a concealment or omission of a material fact, which would invalidate the policy. If the fact had been as stated, the jury found it would have made no difference in the risk; that neither party, insured or insurers, had ever treated in this section of the country such matter as material. This being the case, it did not enter or become a part of the contract of insurance. The presiding judge was not in error. *Tate* v. *Hyslop*, 15 Q. B. Div. 377; *Phœnix Ins. Co.* v. *Erie & W. Transp. Co.*, 117 U. S. 313, 6 Sup. Ct. Rep. 750, 1176. The motions are dismissed.